UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| JEREMIAH A. CHARLTON<br>BARBARA A. DIPASQUALE,<br><br>      Plaintiffs,<br><br>   v.<br><br>THOMAS DIPASQUALE, et al.,<br><br>      Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CASE NO. 1:11 CV 1128<br><br>JUDGE DAN AARON POLSTER<br><br><br>MEMORANDUM OF OPINION<br>AND ORDER |

On June 2, 2011, Plaintiffs *pro se* Jeremiah A. Charlton and Barbara A. DiPasquale filed this *in forma pauperis* action against Thomas DiPasquale, Kelly DiPasquale, Anissa Aikens and Mark McConville. On August 22, 2011, Attorney Nelli Johnson filed a Motion to Withdraw Barbara DiPasquale from Lawsuit, to which is attached a copy of Letters of Guardianship appointing Ms. Johnson as Barabara DiPasquale's guardian.

The Complaint, which is signed only by Mr. Charlton,[1] alleges Defendants conspired to cover up criminal acts of theft by committing Barbara DiPasquale to a mental hospital or nursing home. Jurisdiction is asserted to exist under 42 U.S.C. § 1981and 18 U.S.C. §§ 241 and 242.

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief

---

[1] The Letters of Guardianship states that Barbara DiPasquale is incompetent.

can be granted, or if it lacks an arguable basis in law or fact.[2] *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996).

As a threshold matter, Mr. Charlton, who is not an attorney, cannot represent other pro se parties. *See* §28 U.S.C. 1654 ("parties may plead and conduct their own cases personally or by counsel"). Further, as Barbara DiPasquale has been declared incompetent, she cannot represent herself.

Morevoer, even liberally construed, the Complaint does not contain allegations reasonably suggesting Plaintiffs might have a valid federal claim. To establish a claim under 42 U.S.C. § 1981, a plaintiff must allege: (1) he is a member of a racial minority, (2) the defendants intended to discriminate against him on the basis of his race, and (3) the discrimination concerned one or more of the activities enumerated in the statute. *Johnson v. Harrell*, No. 97-5257, 1998 WL 57356 (6th Cir. Feb. 2, 1998); *Morris v. Office Max, Inc.*, 89 F.3d 411, 413 (7th Cir. 1996).[3] None of the enumerated activities are relevant here. The other statutes cited in the Complaint are criminal in nature. Criminal actions in the federal courts are initiated by the United States Attorney. 28 U.S.C. § 547; Fed. R. Crim. P. 7(c).

---

[2] A claim may be dismissed *sua sponte*, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997); *Spruytte v. Walters*, 753 F.2d 498, 500 (6th Cir. 1985), *cert. denied*, 474 U.S. 1054 (1986); *Harris v. Johnson*, 784 F.2d 222, 224 (6th Cir. 1986); *Brooks v. Seiter*, 779 F.2d 1177, 1179 (6th Cir. 1985).

[3] Section 1981(a) provides:

> (a) Statement of equal rights
> All persons within the jurisdiction of the United States shall have the same right in every State or Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

Accordingly, this action is dismissed. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

                                                 */s/Dan Aaron Polster 8/30/11*
                                                 DAN AARON POLSTER
                                                 UNITED STATES DISTRICT JUDGE